779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ROBERT V. MINER, JR., Defendant-Appellant.
 85-1124
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 W.D.Mich.
 On Appeal from the United States District Court for the Western District of Michigan
 Before: ENGEL and KENNEDY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Robert V. Miner appeals his conviction in the United States District Court for the Western District of Michigan of two counts of violating the Controlled Substances Act, 21 U.S.C. Sec. 841, 846. On April 5, 1984, an indictment was filed charging Miner in Count 1 with possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1), in Count 2 with conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, in Count 3 with distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and in Count 4 with use of a telephone to facilitate possession with intent to distribute cocaine in violation of 21 U.S.C Sec. 843(b).
 
 
 2
 The trial of this matter commenced on September 25, 1984, and the verdict was rendered on October 11, 1984. The jury could not reach a unanimous verdict on Count 1, but did find Miner guilty of a lesser included offense of possession of cocaine. The jury also found Miner guilty of the conspiracy charge in Count 2, but acquitted him of Counts 3 and 4. On October 18, 1984, the district court denied motions filed by Miner pursuant to Fed. R. Crim. P. 29(c), 33 for judgment of acquittal and for new trial.
 
 
 3
 On appeal, Miner makes three arguments. First, he argues that there was insufficient evidence to support the jury's verdict. Second, he argues that the trial court erred by refusing to instruct the jury on the statutory definition of cocaine. Third, he argues that the jury's verdict was impermissibly inconsistent.
 
 
 4
 Most of the alleged errors argued on appeal have been fully and satisfactorily addressed in a careful opinion of United States District Judge Douglas W. Hillman, filed in the district court on November 29, 1984. Counsel for defendant has particularly urged us that the trial court erred in failing to give his request to charge on the statutory definition of cocaine. In our opinion, the instructions given by Judge Hillman were fully adequate, especially in the absence of any factual issues which might have arisen during the proofs in the case to make the requested charge either desirable or necessary.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.